## In re ROBINSON.

(Supreme Court, Appellate Division, First Department. April 17, 1914.)

ATTORNEY AND CLIENT (§ 44*)—DISBARMENT—GROUNDS.

Where an attorney undertook to perform services for clients, for which he was paid, and which he neglected for years, with continued misrepresentations relative thereto, and obtained money from his clients for fictitious claims for disbursements and expenses, and failed to render any services of any value to his clients, he will be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Original proceeding on charges of professional misconduct preferred by the County Lawyers' Association against George Robinson, an attorney. Respondent disbarred.

See, also, 152 App. Div. 946, 137 N. Y. Supp. 1140.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Mason Trowbridge, of New York City, for petitioner.
George Robinson, of New York City, pro se.

INGRAHAM, P. J. The charges in this case relate to two clients by whom the respondent had been retained to procure divorces and to perform other professional services. These charges show persistent misrepresentations by the respondent to his clients, a charge for services which he never performed, misapplication of his clients' money, false statements to his clients, and a general neglect of his clients' interests. The referee, after a thorough investigation, in a detailed and careful report, has found the charges against the respondent sustained, and with that report we concur.

It is useless to detail the facts in this case, as they are set forth in full in the referee's report. There is presented an extreme case of a lawyer undertaking to perform services for his clients, for which he

---

was paid, and which he neglected for years, with continued misrepresentations in relation thereto, getting money from his clients for fictitious claims for disbursements and expenses, failing to render any services of any value to his clients, and generally failing in the performance of his duties to his clients and to the court. The respondent's explanations are frivolous, and were expressly disbelieved by the referee. The respondent has been a lawyer for upwards of 25 years. His whole conduct is unprofessional, and shows an entire disregard for the interests of his clients, and it is clear that a man guilty of the practice detailed in the referee's report should not remain a member of the profession.

The respondent is therefore disbarred. All concur.